T.C. Memo. 1998-327


UNITED STATES TAX COURT


ROGER FARMER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18946-96.                    Filed September 17, 1998.


Roger Farmer, pro se.


<u>Michelle Or</u>, for respondent.


MEMORANDUM OPINION


NAMEROFF, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent determined deficiencies in petitioner's 1990

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

and 1991 Federal income taxes in the amounts of $2,734 and $6,418, respectively.

The issue for decision is whether petitioner is entitled to carry forward 1983 and 1984 net operating losses to the tax years at issue.

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed his petition, petitioner resided in Arcadia, California.

Background

Petitioner operated a sole proprietorship selling yachts during the years relevant to this case. In 1983, he incurred a net operating loss (NOL) of $27,488. In 1984, petitioner incurred another NOL in the amount of $11,064. Petitioner carried the NOL's forward, and because of additional NOL's incurred in 1985 and 1986, the losses were carried forward to the years in issue, 1990 and 1991.[2] Petitioner did not carry the 1983 and 1984 NOL's back to prior years, nor did he make an election to waive carryback to prior years. If petitioner had carried the 1983 and 1984 NOL's back, they would have been fully absorbed in 1981.

---

[2] Respondent's determination in the notice of deficiency includes the allowance of the carryforward of the 1985 and 1986 losses and their full absorption in 1990.

Respondent disallowed the 1983 and 1984 NOL's in 1990 and 1991, contending that petitioner failed to first carry the losses back and also failed to make an election to waive the carryback. Petitioner admitted that the NOL's were carried forward erroneously. Petitioner contended that if the NOL's are disallowed for 1990 and 1991, he should be entitled to carry them back for refund to the proper years, 1980 and 1981, under the mitigation provisions of the Code. Alternatively, he contended that the refund should offset the deficiencies herein under some equitable recoupment theory.

## Discussion

Individuals are permitted to carry net operating losses from one taxable year to another. Sec. 172(a). In general, taxpayers who sustain NOL's must first carry such losses back 3 years, and, if unabsorbed by those years, then forward 15 years. Sec. 172(b)(1)(A) and (2). However, the taxpayer may elect to relinquish the entire carryback period and simply carry the loss forward for 15 succeeding years. Sec. 172(b)(3). To make this election, the statute expressly requires the taxpayer to file the election to relinquish the carryback period by the due date, including extensions of time, for filing the taxpayer's return for the taxable year of the NOL. The election, once made, is irrevocable. Moreover, the statute directs that the election

shall be made in the manner prescribed by the Secretary.  Sec. 172(b)(3).

Such an election:

> shall be made by a statement attached to the return (or amended return) for the taxable year.  The statement required * * * shall indicate the section under which the election is being made and shall set forth information to identify the election, the period for which it applies, and the taxpayer's basis or entitlement for making the election.

Sec. 301.9100-12T(d), Temporary Proced. & Admin. Regs., 57 Fed. Reg. 43896 (Sept. 23, 1992) (redesignating sec. 7.0, Temporary Income Tax Regs., 42 Fed. Reg. 1470 (Jan. 7, 1977)).

Petitioner did not file an election under section 172(b)(3). In addition, it was agreed that if the 1983 and 1984 NOL's had been properly carried back, both NOL's would have been entirely absorbed in the carryback period.  Therefore, we must conclude that petitioner is not entitled to any carryover to 1990 and 1991.

Petitioner argues that the mitigation provisions, sections 1311 through 1314, apply in this circumstance, and he should be allowed to carry back the NOL's to 1980 and 1981.  Respondent argues that the Court is without jurisdiction to consider petitioner's mitigation argument because the tax years 1980 and 1981 are not before the Court and there has not been a determination as required under section 1313(a).

Where applicable, the mitigation provisions permit the correction of an item that is shown to be erroneous by a determination in an administrative or judicial proceeding relating to another year. Fruit of the Loom, Inc. v. Commissioner, T.C. Memo. 1994-492, affd. 72 F.3d 1338 (7th Cir. 1996). If the mitigation provisions apply, the taxable income for the year of the error may be adjusted under section 1314. Sec. 1311(a). In essence, the mitigation provisions of the Code act as an exception to the statute of limitations. If the requirements of sections 1311 through 1314 are met, a year closed by the statute of limitations can be reopened for the limited purposes of the mitigation sections. In this case, if mitigation were to apply, it would mean reopening 1980 and 1981 in order to carry back the 1983 and 1984 NOL's.

However, respondent determined deficiencies for 1990 and 1991, which petitioner petitioned for review. We have jurisdiction only to redetermine the 1990 and 1991 deficiencies. The mitigation provisions do not apply to 1990 and 1991. Accordingly, we lack jurisdiction to redetermine petitioner's income tax liability for 1980 and 1981. Sec. 6214(b).

Finally, petitioner requests that the refunds that would be generated as a result of the carrybacks to 1980 and 1981 apply as a credit to offset the tax liability he owes for 1990 and 1991. Petitioner is, in effect, raising the theory of equitable

recoupment.  Putting aside questions of the Court's jurisdiction to apply equitable recoupment, see Estate of Mueller v. Commissioner, __ F.3d __ (6th Cir., Aug. 20, 1998), affg. 107 T.C. 189 (1996), it is not available in these circumstances.

Equitable recoupment may apply in certain circumstances to overcome the bar of the statute of limitations.  "[A] claim of equitable recoupment will lie only where the Government has taxed a single transaction, item, or taxable event under two inconsistent theories."  United States v. Dalm, 494 U.S. 596, 605 n.5 (1990).  Here, there are no inconsistent theories of taxation

involved.  If an NOL is claimed in the wrong year, it is not allowable, and that is respondent's consistent position. Therefore there is no basis for petitioner's equitable recoupment claim.

To reflect the foregoing,

Decision will be entered

for respondent.